UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONYALL E. WHITE-BEY, | )<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:13-cv-1932-LJM-DML |
| DR. DALE K. COCKRELL, et al., | )<br>) |
| Defendants. | ) |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

**I. Background**

Plaintiff Donyall E. White-Bey ("Mr. White-Bey") is a prisoner who has been confined at all relevant times at the Correctional Industrial Facility ("CIF"). In his complaint, Mr. White-Bey alleges that defendants Dr. Cockrell and nurse Gina Huse violated his Eighth Amendment rights by being deliberately indifferent to his pain. He seeks injunctive relief and compensatory damages.

Defendant Dr. Cockrell filed a motion for summary judgment seeking resolution of the claim against him based on the affirmative defense that Mr. White-Bey failed to exhaust his available administrative remedies prior to filing this action. Mr. White-Bey has opposed the motion for summary judgment and Dr. Cockrell replied.

For the reasons explained in this Entry, defendant Dr. Cockrell's motion for summary judgment [dkt. 22] is **granted.**

## II. Discussion

*A.    Legal Standards*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to

properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

B.   *Undisputed Facts*

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. White-Bey as the non-movant, are undisputed for purposes of the motion for summary judgment:

In his complaint, with respect to the claim against Dr. Cockrell, Mr. White-Bey alleged that on September 4, 2013, he fell while coming down off the top bunk because of some medical conditions he has with his feet. He injured his ankles, right knee, hip, and back. He alleged that on September 12, 2013, he went to see Dr. Cockrell explaining that he had fallen while coming off of the top bunk and that he had hit his knee on the metal desk and fallen on a property box hitting his hip. Mr. White-Bey told Dr. Cockrell that his feet, knees, hip, and back were hurting very badly. Dr. Cockrell allegedly told Mr. White-Bey that the pain he was feeling was caused by his flat feet, and that there was nothing he could do about it. Dr. Cockrell then put him out of his office because Mr. White-Bey was asking too many questions. (Complaint, dkt. 1, pg. 3).

Mr. White-Bey further alleged that after the doctor visit he still had major pain in his legs, hip, and back and his feet had swollen and stayed like that for a month. He slept in the corner with his mattress on top of his property box since September 4, 2013, because of "some outrageous criteria that Dr. Mitcheff and Vance Raham has implemented." *Id.*

The purpose of the Indiana Department of Corrections ("IDOC") Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. All offenders are made aware of the Offender Grievance Process during orientation and a copy is available in various locations within the prisons, including the law library.

The Offender Grievance Process consists of three stages. First, an offender must attempt to resolve the grievance informally through officials at the facility. The informal resolution step is interactive, and requires the offender to communicate with prison staff through open and courteous discussion before turning to the grievance process. It is the intent of the IDOC to resolve all offender complaints and concerns as quickly and informally as possible. Therefore, if an inmate fails to first properly attempt to resolve his compliant before initiating a grievance form, it may result in rejection of that grievance form.

If an inmate is unable to resolve his complaint informally, he may file a Level I Offender Grievance. This includes the submission of a Level I Grievance form to the Administrative Assistant of the facility. Once a Level I Grievance is reviewed by facility officials, and if the problem has not been resolved to the satisfaction of the offender, the offender may appeal the facility's decision by submitting a Level II Grievance Appeal. The IDOC Offender Grievance Manager reviews the inmate's appeal and submits a response. An inmate has not fully utilized or exhausted the Offender Grievance Process until he completes all three (3) steps of the process and receives a response from the IDOC's Offender Grievance Manager. Exhaustion of the grievance procedure requires that the grievance raise the same issue that the offender raised in trying to get an informal resolution of the problem, and each grievance must relate to only one issue or event.

In 2013, Mr. White-Bey initiated one written grievance that was fully exhausted, Grievance No. 78304, which was submitted on September 4, 2013. That Grievance stated the following:

> I have been expressing to every shift since Friday Aug. 30 of my medical situation. Well on Sept. 4 5:30 in the morning I was getting up for work like I do every day and my ankle gave out my knee popped and I fell off the top bunk. This is the third time this has happened. My mother has called this facility 4 different times about this same situation about me being on this top bunk. I have been very calm about the situation now I have no choose [sic] but to seek legal counsel. It should not even went [sic] this far because of the amount of times this issue has been addressed. My medical issue[] are from birth and are not just sports injury's. [sic] I should have never been made to have to get on that top bunk. But I did not want to get into any trouble. This issues needs to be addressed permantly. [sic]. Please address this issue ASAP. Thank you.

(Grievance No. 78304, dkt. 23-3, p. 8).

The Staff Response to Grievance No. 78304, dated September 9, 2013, was that the criteria to qualify for a bottom bunk pass were very specific and he did not have any type of diagnosis that met those criteria. (Dkt. 23-3, p. 6). In his appeal of Grievance No. 78304, dated September 17, 2013, Mr. White-Bey stated the following:

> Because this facility has changed its medical policy. On Sept. 4, 2013, the Doctor for this facility told me that the existing medical condiction [sic] I have will no longer be treated. Attached is a copy of my medical condiction [sic]. It causes cronic [sic] pain in my legs constantly. How it is possible for an individual to be in the care of a State facility and it not treat his valid medical condiction [sic] especially when it causes pain all the time. I have been sleeping on the floor since Sept. 4 for every day I have to sleep on the floor somebody is going to pay. Because I refuse to put myself in a situation to be hurt agin. [sic] Because my medical issues are documented. Please address this issue ASAP.

Grievance #78304 (dkt. 23-3, p. 5).

C.  *Analysis*

Dr. Cockrell argues that Mr. White-Bey did not exhaust his claim against Dr. Cockrell because Grievance No. 78304 made no allegations regarding Dr. Cockrell's medical care on September 12, 2013, and that the sole issue or event for which Mr. White-Bey sought relief in the

grievance was his placement in a top bunk. Mr. White-Bey responds by asserting that Dr. Cockrell was the doctor at CIF at the time of the incident and that the grievance had to be written as the situation progressed. Mr. White-Bey contends that when he went to see Dr. Cockrell, the physician was under the impression that Mr. White-Bey was seeing him to get a bottom bunk pass and that by referring to "the doctor" in his appeal, he was referring to Dr. Cockrell.

The issue here is not whether or not Mr. White-Bey mentioned Dr. Cockrell's name in his grievance. Rather, the issue is whether the issue raised in the grievance is the same as that brought in this lawsuit. The complaint alleges that on September 4, 2013, Mr. White-Bey fell while coming down from his top bunk and injured his ankles, right knee, hip and back. He allegedly saw Dr. Cockrell on September 12, 2013, but the doctor told him the pain Mr. White-Bey was feeling in his feet, knees, hip, and back was caused by his flat feet and there was nothing he could do about the pain. Dr. Cockrell then told him to leave his office because he was asking too many questions. Mr. White-Bey further alleged that he continued to have major pain for a month after he saw Dr. Cockrell.

The grievance that Mr. White-Bey submitted on September 4, 2013, #78304, was focused on his having to sleep on a top bunk. He reported that he fell out of his bunk on September 4, 2013, and that it was the third time it had happened. Dkt. 23-3, p. 8; 33-1. He asserted that his mother had called the prison four times about him "being on this top bunk." *Id.* He stated that he had no choice now but to seek legal action. "I should have never been made to have to get on that top bunk." *Id.* The response to the grievance was that "[t]he criteria to qualify for a bottom bunk pass are very specific and you do not have any type of diagnosis that meets those criteria." Dkt. 23-3-, p. 6.

"Prisoners must follow state rules about the time and content of grievances." *Riccardo v. Rausch,* 375 F.3d 521, 523 (7th Cir. 2004). The IDOC Offender Grievance Process requires that only one issue be asserted in each grievance. When a grievance policy is silent as to the level of detail required in prisoners' grievances, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 524. "As in a notice pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Id.* (internal quotation omitted). Even a generous construction of Mr. White-Bey's grievance did not alert prison officials to his claim that he was not properly treated for pain in September of 2013. Rather, his grievance complained about having fallen out of his top bunk three times, injuring himself, and wanting a bottom bunk. Mr. White-Bey did not exhaust his claim that the defendants were deliberately indifferent to his pain. Therefore, Dr. Cockrell is entitled to summary judgment on this basis.

*D. Defendant Nurse Gina Huse*

The Seventh Circuit has said that "where one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion." *Malak v. Assoc. Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986); *see also Judson Atkinson Candies, Inc., v. Latini-Hohberger Dhimantec,* 529 F.3d 371, 384 (7th Cir. 2008); *Acequia, Inc. v. Prudential Ins. Co. of America*, 226 F.3d 798, 807 (7th Cir. 2000) ("where one defendant succeeds in winning summary judgment on a ground common to several defendants, the district court may also grant judgment to the non-moving defendants, if the plaintiff had an adequate opportunity to argue in opposition"). Although Nurse

Huse has not appeared in this action and has not joined in the motion for summary judgment, the failure to exhaust administrative remedies defense is equally applicable to any claims asserted against her. Mr. White-Bey had an adequate opportunity to respond to the motion for summary judgment and he did, in fact, respond. The Court therefore treats Dr. Cockrell's motion for summary judgment as also effective as to any claim asserted against defendant Nurse Gina Huse.

In accordance with 42 U.S.C. § 1997e(a), this action should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

For the reasons explained above, the motion for summary judgment filed by Dr. Cockrell and as is effective as to Nurse Huse [dkt. 22] is **granted.** Judgment consistent with this Entry and with the screening Entry of July 29, 2014, dismissing other claims, shall now issue.

**IT IS SO ORDERED.**

Date:  04/22/2015

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DONYALL E. WHITE-BEY
980181
CORRECTIONAL INDUSTRIAL FACILITY - Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronically registered counsel